**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **ERNEST HOWARD,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:22-cv-111 (MTT)** |
| ) | |
| **JAMES WARD, Chief, *et al.*,** ) | |
| ) | |
| ) | |
| **Respondents.** ) | |
| ) | |

## <u>ORDER</u>

Petitioner Ernest Howard moves for reconsideration of the Court's order (Doc. 21) that dismissed his 28 U.S.C. § 2254 habeas petition on timeliness grounds.  Doc. 23.  Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga. L.R. 7.6.  Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly."  *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law."  *Id*.  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived."  *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

-2-

Howard does not argue that there has been a change in the law, and he does not point to newly discovered evidence.  Instead, he argues that the Court erred in granting the Respondent's motion to dismiss for a variety of reasons.  *See* Doc. 23.  The Court disagrees.  Accordingly, Howard's motion for reconsideration (Doc. 23) is **DENIED**.

**SO ORDERED**, this 3rd day of November, 2022.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT